**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

———————————————————————

| | |
|---|---|
| Philip GIANFREDI, and Donna GIANFREDI, ) | Hon. Harold A. Ackerman |
| ) | |
| Plaintiffs, ) | Civil Action No. 08-0769 (HAA) |
| ) | |
| v. ) | **OPINION & ORDER** |
| ) | |
| HILTON INTERNATIONAL OF PUERTO ) | |
| RICO, INC. d/b/a CARIBE HILTON SAN JUAN, ) | |
| ABC CORP., said corporation intending being the ) | |
| corporation or other business entities of Caribe ) | |
| Hilton San Juan, or affiliated thereto, ) | |
| HILTON HOTELS CORP., INC., and JOHN DOE, ) | |
| ) | |
| ) | |
| Defendants. ) | |

———————————————————————

Marjorie E. Klein, Esq.
Arthur L. Porter, Jr., Esq.
FISCHER PORTER THOMAS & REINFELD, P.C.
180 Sylvan Avenue, 2nd
Englewood Cliffs, NJ 07632
*Attorneys for Plaintiffs*

Paul K. Leary, Jr., Esq.
COZEN O'CONNOR
Suite 300 Liberty View
457 Haddonfield Road
Cherry Hill, NJ 08002
*Attorneys for Defendants*

**ACKERMAN,** **Senior District Judge:**

This matter comes before the Court on the motions to dismiss (Doc. Nos. 4, 23) by

Defendants Hilton Hotels Corporation ("Hilton") and Hilton International of Puerto Rico, Inc.

1

("Hilton Puerto Rico").  For the following reasons, Defendants' motions to dismiss will be granted.

## BACKGROUND

This matter arises out of an incident at the Caribe Hilton (the "Hotel") in San Juan, Puerto Rico that resulted in an alleged injury to Plaintiff Phillip Gianfredi.  On February 15, 2007, Gianfredi and his wife, Donna Gianfredi, New Jersey residents, checked into the Hotel in the mid-afternoon.  Later that day, Mr. Gianfredi turned his left ankle while taking a shower in his hotel room, attributing the accident to a defect with the bathtub floor.  Mr. Gianfredi experienced pain that night and telephoned the Hotel's manager.  Plaintiffs allege that the Hotel manager admitted that the Hotel knew about the dangerous condition of the bathtub.  Before Plaintiffs were moved to another room, Mrs. Gianfredi alleges that she saw two porters arrive to fix the bathtub.  Plaintiffs remained at the hotel for the next five days.

Plaintiffs returned to New Jersey on February 20, 2007, and the next day, Mr. Gianfredi sought medical attention.  An x-ray tested negative.  Plaintiffs allege that, subsequently, Mr. Gianfredi was fitted for an orthopedic boot.  Nine months later, on November 21, 2007, Mr. Gianfredi underwent surgery, presumably, though not expressly alleged, on his left ankle.  On December 5, 2007, Plaintiffs allege that Mr. Gianfredi was taken to a hospital for a two-week visit, during which approximately thirty stitches were removed and he was refit with a cast.

The following procedural facts are essential to the disposition of this suit.  Just under one year from the date of the injury, on February 12, 2008, Plaintiffs filed their Complaint in this Court against Hilton, Caribe Hilton, and ABC Corp., a fictitious entity affiliated with or in

ownership of the Hotel.  On March 14, 2008, Plaintiffs filed a return of service representing that

Hilton was served with a copy of the Complaint and summons.  However, the summons was

indisputably defective.  The summons was signed by the acting clerk of the Superior Court of

New Jersey and purported to originate "from the State of New Jersey."  (Leary Certif., Ex. A.)

The summons states that "Plaintiffs, named above, have filed a lawsuit against you in the

Superior Court of New Jersey."  (*Id.*)  Hilton informed Plaintiffs in March 2008 that "[w]e

believe the summons is ineffective."  (Leary Certif., Ex. A.)  Nevertheless, Plaintiffs never

ameliorated this defect.

On June 3, 2008, Hilton filed its motion to dismiss or for summary judgment, or,

alternatively, to transfer.  On June 11, 2008, Plaintiffs filed an Amended Complaint naming

Hilton Puerto Rico as a defendant in the matter.  While Hilton remains a named defendant in the

caption of Plaintiffs' Amended Complaint, Plaintiffs include no allegations against Hilton in the

Amended Complaint.  On June 20, 2008, Plaintiffs served Hilton Puerto Rico, admittedly outside

the prescribed 120 days after the original date of filing.[1]  Hilton Puerto Rico now also moves to

dismiss the suit based on Plaintiffs' dilatory service and additional errors.

## ANALYSIS

The Court will first address Hilton's motion to dismiss for insufficiency of process.

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural

requirements of service of summons must be satisfied.  '[S]ervice of summons is the procedure

---

[1] Plaintiffs concede that Hilton Puerto Rico was untimely served.  (*See* Pls.' HIPR Br. at 3, 11.)

by which a court having venue and jurisdiction of the subject matter of the suit asserts

jurisdiction over the person of the party served.'" *Omni Capital Int'l v. Rudolf Wolff & Co., Ltd.*,

484 U.S. 97, 104 (1987) (quoting *Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 444-45

(1946)). Rule 4(a) prescribes the proper form of summons: "A summons must: (A) name the

court and the parties; . . . (F) be signed by the clerk; and (G) bear the court's seal." Fed. R. Civ.

P. 4(a). "The issuance of a summons signed by the Clerk, with the seal of the Court . . . are

essential elements of the court's personal jurisdiction over the defendant[,]" because "[r]equiring

the Clerk to sign and issue the summons assures the defendant that the process is valid." *Ayres v.

Jacobs & Crumplar*, 99 F.3d 565, 568, 569 (3d Cir. 1996). Thus, "[t]he failure of a plaintiff to

obtain valid process from the court to provide it with personal jurisdiction over a defendant in a

civil case is fatal to the plaintiff's case." *Mathies v. Silver*, 266 F. App'x. 138, 140 (3d Cir.

2008).

Here, it is undisputed that Plaintiffs' service on Hilton was insufficient. The summons

issued to Hilton was not signed by the Clerk of this Court and did not bear the seal of this Court.

As Plaintiffs concede, they "mistakenly utilized a defective Summons." (Pls.' Hilton Br. at iii.)

Thus, the Court does not have jurisdiction over Hilton, and to the extent Plaintiffs still pursue

their claims against Hilton, Plaintiffs' suit against it must be dismissed.

The Court must also dismiss Plaintiffs' Amended Complaint against Hilton Puerto Rico.

Rule 4(m) states:

> If a defendant is not served within 120 days after the complaint is
> filed, the court — on motion or on its own after notice to the plaintiff
> — must dismiss the action without prejudice against that defendant
> or order that service be made within a specified time. But if the
> plaintiff shows good cause for the failure, the court must extend the

time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  For purposes of Rule 4(m), "good cause" has been defined as tantamount to "excusable neglect" under Fed. R. Civ. P. 6(b)(1)(B), which requires "a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules."  *MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995).  The Third Circuit strictly enforces the rule, "consistently upholding dismissals of actions where there has not been meticulous effort to comply with its service provisions."  *In re City of Philadelphia Litig.*, 123 F.R.D. 515, 518 (E.D. Pa. 1988) (citing *Napier v. Thirty or More Unidentified Fed. Agents*, 855 F.2d 1080, 1088 n.4 (3d Cir. 1988); *Braxton v. United States*, 817 F.2d 238, 241 (3d Cir. 1987); *Stranahan Gear Co., Inc. v. NL Indus., Inc.*, 800 F.2d 53, 56 (3d Cir. 1986)).  The "good cause" provision of Rule 4(m) protects "diligent plaintiffs who, though making every effort to comply with the dictates of the rule, nonetheless exceed the 120-day limit for service."  *Green v. Humphrey Elevator & Truck Co.*, 816 F.2d 877, 880 (3d Cir. 1987).

In interpreting good cause, the Third Circuit has suggested that district courts consider: the "(1) reasonableness of plaintiff's efforts to serve[;] (2) prejudice to the defendant by lack of timely service[;] and (3) whether plaintiff moved for an enlargement of time to serve."  *MCI*, 71 F.3d at 1097.  "Inadvertence of counsel does not amount to good cause; nor do half-hearted efforts at service which fail to meet the standard."  *Braxton*, 817 F.2d at 241; *see also Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1307 (3d Cir. 1995) ("[R]eliance upon a third party or on a process server is an insufficient basis to constitute good cause for failure to timely serve[.]").

Here, Plaintiffs offer grounds for good cause, neither of which is availing.  First, Plaintiffs argue generally that they "attempted to research the identity of the proper defendant through the internet and verifying telephone calls," but, presumably, were not successful until a late date.  (Pls.' HIPR Br. at 7.)  Yet, the facts belie Plaintiffs' claim.  In a letter dated March 19, 2008, just over a month after Plaintiffs filed suit, Hilton wrote to Plaintiffs and identified the proper defendant, including its place of incorporation and principal place of business: "The hotel is owned and operated by Hilton International of Puerto Rico, Inc.  Hilton International of Puerto Rico, Inc. is a Delaware corporation with its principal place of business located in California." (Leary Certif., Ex. A.)  Thus, Plaintiffs were informed of the proper defendant three months before the expiration of their time to serve, but failed to timely act.

Second, Plaintiffs assert that counsel for Hilton misled them into believing it would accept service on Hilton Puerto Rico's behalf.  Yet, again, the evidence paints a different picture. In a letter dated April 14, 2008, counsel for Hilton represented that it required "a courtesy review of the proposed Amended Complaint *prior to making a decision as to whether this firm can accept service on its behalf.*"  (Porter Certif., Ex. E (emphasis added).)  Two weeks later, counsel for Hilton again wrote to Plaintiffs, stating: "Unless and until we are presented with your Amended Complaint, this firm continues to represent only the interests of Hilton Hotels Corporation."  (*Id.*, Ex. F.)  Plaintiffs offer no evidence supporting their contention that Hilton played any role in Plaintiffs' dilatory service.  In fact, at all times, Hilton appeared courteous and helpful by offering Plaintiffs the necessary information to effect proper service.  Further, *even if* Hilton did mislead Plaintiffs, by the very terms of the parties' correspondence, the onus was on Plaintiffs to amend their Complaint before counsel for Hilton could even consider accepting on

6

Hilton Puerto Rico's behalf.  But Plaintiffs did not do so until June 11, 2008, and then failed to execute service until June 20, 2008.  Thus, *even if* Hilton misled Plaintiffs in any way, Plaintiffs failed to act in a propitious manner.

In sum, Plaintiffs fail to show good cause for their untimely service.  Plaintiffs' efforts to serve Hilton Puerto Rico — a Delaware corporation — were not reasonable because they were informed of Hilton Puerto Rico's identity three months before their time to serve expired.  While Hilton Puerto Rico was not prejudiced by this delay, Plaintiffs did not move for an extension of time; nor did they inform the Court in any manner of their supposed difficulties.  Thus, Plaintiffs' "half-hearted efforts," "inadvertence," and sheer attempt to shift blame do not amount to good cause.

Under Rule 4(m), if a party does not show good cause, "the court still may grant the extension in the sound exercise of its discretion."  *McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 196 (3d Cir. 1998).  An important factor in this consideration is whether dismissal of suit would result in preclusion of refiling the suit by the statute of limitations.  *Mettle v. First Union Nat'l Bank*, 279 F. Supp. 2d 598, 605 (D.N.J. 2003); *see also Boley v. Kaymark* 123 F.3d 756, 759 (3d Cir. 1997) ("District courts have consistently interpreted Rule 4(m) in the same way, treating the running of the statute of limitations as a factor favoring the plaintiff and not as a basis for potential prejudice to the defendant."); *cf. Jones v. City of Newark, N.J., Dep't. of Corrections*, No. 04-4052, 2007 WL 4365327, at *5 (D.N.J. Dec. 11, 2007) (exercising discretion to extend time to serve where statute of limitations barred refiling, and because "Plaintiff's attorney passed away, leaving Plaintiff without counsel to effectuate or confirm service of process.").

Here, Hilton Puerto Rico argues that this Court must apply Puerto Rico's statute of limitations to this action, which is one year for "tort actions arising out of the fault or negligence of a defendant." *Ayuso-Figuero v. Rivera-Gonzales*, 456 F. Supp. 2d 309, 319 (D.P.R. 2005). On the other hand, Plaintiffs argue that this Court must apply the New Jersey statute of limitations, which is two years for a tort action. *See* N.J. Stat. Ann. 2A:14-2 (a).  The import of this dispute is clear: If Hilton Puerto Rico is correct, Plaintiffs' suit may be time-barred.

Sitting in diversity, this Court applies the choice-of-law rules of the forum state. *Klaxon Co. v. Stentor Co.*, 313 U.S. 487, 495 (1941).  New Jersey applies the "governmental interest" test to choice-of-law questions.  Under this standard, a court must apply the law of the jurisdiction "with the greatest interest in resolving the particular issue that is raised in the underlying litigation." *Gantes v. Kason Corp.*, 145 N.J. 478, 484 (1996).  First, this Court must "determine whether a conflict exists between the law of the interested states." *Veazey v. Doremus*, 103 N.J. 244, 248 (1986); *see also Woessner v. Air Liquide Inc.*, 242 F.3d 469, 472 (3d Cir. 2001); *Rowe v. Hoffman-LaRoche, Inc.*, 189 N.J. 615, 621 (2007).  "If an actual conflict exists, the next step is to identify the governmental policies underlying the law of each state and how those policies are affected by each state's contacts to the litigation and to the parties." *Veazey*, 103 N.J. at 248; *see also Woessner*, 242 F.3d at 472; *Rowe*, 189 N.J. at 621-22.  Here, as discussed, an actual conflict exists between New Jersey and Puerto Rico concerning the statute of limitations.

Turning to governmental interest, this Court concludes that New Jersey law should apply in this matter because of New Jersey's paramount interest in the compensation and protection of its residents. *See Schum v. Bailey*, 578 F.2d 493, 496 (3d Cir. 1978) ("The New Jersey cases

have almost uniformly applied New Jersey law in instances in which the state has a significant compensation interest *viz.*, where the plaintiff was a New Jersey domiciliary."); *see also Warner v. Auberge Gray Rocks Inn, Ltee*, 827 F.2d 938, 942 (3d Cir. 1987) (applying New Jersey statute of limitations where plaintiff, domiciled in New Jersey, alleged negligence against Quebec company); *Dent v. Cunningham*, 786 F.2d 173, 177 (3d Cir. 1986) (enforcing New Jersey statute of limitations "[b]ecause of New Jersey's well recognized interest in compensating its injured domiciliaries"); *Pine v. Eli Lilly & Co.*, 201 N.J. Super. 186, 193 (App. Div. 1985) ("In most instances, our courts, as well as the Third Circuit, have favored applying New Jersey law in tort actions when the plaintiff is domiciled in New Jersey.").

Hilton Puerto Rico argues that Puerto Rico's interest in "protecting its citizens against protracted exposure to liability" is just as compelling as New Jersey's interest in offering a forum to its residents.  (Hilton Puerto Rico Br. at 14.)  While it cites no authority elaborating on Puerto Rico policy, it cites the Supreme Court of New Jersey for the notion that "when a cause of action arises in another state . . . , New Jersey has no substantial interest in the matter."  *Heavner v. Uniroyal, Inc.*, 63 N.J. 130, 142 (1973).  However, the *Heavner* Court made clear that its decision was to be narrowly applied: "We presently restrict our conclusion to the factual pattern identical with or akin to that in the case before us, for there may well be situations involving significant interest of this state where it would be inequitable or unjust to apply the concept we here espouse."  *Id.* at 141.  Crucially, the plaintiffs in *Heavner* were forum-shopping North Carolina residents suing a New Jersey corporation because the "applicable North Carolina statute of limitations had expired."  *Id.* at 134.  As the Supreme Court of New Jersey later wrote: "The *Heavner* rule provides a limited and special exception to the general rule that the rule of the

9

forum determines the applicable period of limitations." *O'Keeffe v. Snyder*, 83 N.J. 478, 490 (1980); *cf. Wash. v. Sys. Maintenance Corp.*, 260 N.J. Super. 505, 512 (App. Div. 1992) ("New Jersey does not have a substantial interest in the lawsuit because plaintiff is a non-domiciliary[.]").  Here, Plaintiffs are both New Jersey domiciliaries.  Thus, *Heavner* does not warrant the application of Puerto Rico law in this matter.

Recognizing New Jersey's interest in providing its residents a forum for recovery, the Court will apply the New Jersey statute of limitations.  Accordingly, Plaintiffs will not be time-barred by a dismissal at this juncture.

The Court declines to exercise its discretion to retroactively extend Plaintiffs' time to effect service.  Plaintiffs had ample time and opportunity to serve Hilton Puerto Rico, but failed to act.  In addition, Plaintiffs never sought an extension from this Court, nor even offered an explanation of their omission until Plaintiffs replied to Hilton Puerto Rico's motion to dismiss. *See McCurdy*, 157 F.3d at 196 ("No[t] at any time did [the plaintiff] ask any court for an extension of time before the time allotted under the Rules had lapsed.").  Rather, Plaintiffs' multiple errors demonstrate, at best, a lack of fluency with the Federal Rules of Civil Procedure, or, at worst, willful disregard for the procedural bases underpinning this Court's jurisdiction.[2]  In short, Plaintiffs offer no good cause, nor any compelling reason for this Court to jettison Rule 4(m).  Thus, the Court will dismiss Plaintiffs' suit without prejudice.

---

[2] Plaintiffs characterize Defendants' motions to dismiss as mere "procedural wranglings." (Pls.' HIPR Br. at 4.)  As Hilton Puerto Rico observes, Plaintiffs' attitude resembles a view that was rejected by another court in this Circuit. *See Ayres v. Jacobs & Crumplar, P.A.*, No. 94-658, 1995 WL 704781, at *5 (D. Del. Nov. 20, 1995) ("Plaintiff has provided no excuse for her failure to comply with the rule, other than the fact that she simply did not think the 'technical niceties' of service of process important.  Such disregard for the rules is inexcusable.").

### CONCLUSION & ORDER

For the foregoing reasons, Defendants' motions to dismiss (Doc. Nos. 4, 23) are

GRANTED.  Plaintiffs' Amended Complaint shall be DISMISSED WITHOUT PREJUDICE.

The Clerk shall mark this matter CLOSED.


Newark, New Jersey
Dated: September 24, 2008

                                        /s/ Harold A. Ackerman
                                        U.S.D.J.